THOMAS, Justice
(dissenting).
The appellee was awarded a peremptory writ of mandamus by the circuit judge commanding the appellants to reinstate him as “Custodial Worker I in the Publicity Department of the classified civil service with a permanent appointment and with1 permanent civil service status” and to pay him a sum of money equal to the amount-he would have earned between the time he-was laid off and the date of reinstatement,, less any money he earned in other employment during that time.
The salient facts may be taken from those-statements in the alternative writ which were admitted in the answer. The appellee was employed 20 June 1949 and on 19 January 1950 was permanently appointed' to the position of Custodial Worker I in the publicity department which made himi a member of the classified civil service. He received periodic advancements in salary until his compensation amounted to $297" monthly at the time his services were discontinued. On 18 May 1954 he was notified' by the Director of the Department of Publicity that, effective the last day of the following month, he would be laid off as am economy measure, the budget submitted for the year 195^1 — 1955 having been reduced’ from 85 to 65 thousand dollars. This-curtailment had made it necessary, so the director regretfully explained, to lay off two Custodial Workers I, of whom appellee was one.
The appellee was entitled to all the privileges and advantages of the classified civil service including the guarantee of Sec. 295.-07, Florida Statutes 1947, F.S.A., providing that “in retention in position in all * * * municipalities of the State of Florida, preference shall be given to * * * ex-servicemen * * * who have served on active duty in any branch of the armed forces * * * during any war” and who have been honorably discharged. Appellee had served in the United States Air Force from 9 August 1917 to 8 May 1919, when he was separated under honorable conditions.
He contended that no preference was shown him in recognition of his service in the armed forces, and the circuit judge agreed with him.
*151 It was stipulated by the parties that in the event the discharge of one employee was contemplated and his “lay-off score” was the same as that of another employee and one was a veteran and the other a non-veteran, the Civil Service Board followed the procedure of retaining the former because of the preferential position given him in recognition of his service to his country.
The appellants take the position that inasmuch as the legislature, after directing, in Sec. 295.07, supra, that preference be given veterans in appointment and reemployment, and in retention of position, then specified in companion sections, 295.08 and 295.09, how the preference be applied in cases of appointment and promotion, but did not particularize about the manner of granting preference with reference to retention of a position once attained, the matter of preference in the case of lay off, or retention of position, was one left entirely to the discretion of the Civil Service Board. “Therefore” to quote from appellants’ brief, “the quantity of preference to be granted to veterans in retention in position, is entirely within the discretion of the Civil Service Board and mandamus will not lie to control that discretion.”
Adopting this premise, appellants devote considerable space to argument and citations relative to judicial control of an act that requires the exercise of judgment or discretion as distinguished from judicial control of an act that is purely ministerial.
It seems unnecessary to explore a legal principle that is so thoroughly established. The immediate question is whether or not the appellee was given any preference over a co-employee when it was necessary to discontinue the services of one of them. We should sympathize with the view that a board may not, in the face of a statute securing an advantage to ex-servicemen in the retention of their positions, properly exercise a discretion by withholding any preferential treatment at all.
Clearly under the statutes already cited, the ex-serviceman who applies for a position is given a certain number of points on his entrance examination and is likewise entitled to a certain number of points in an examination for promotion.
The rule adopted by the Civil Service Board of Miami to govern lay-offs appears to ignore the advantages secured to a former serviceman by Sec. 295.07, supra. It is provided in the rule that when the need arises to reduce the number of employees within a class in any department, they shall be laid off in the following order: “(1) Duration, emergency, or temporary appointees. (2) Probationary employees. (3) Permanent employees.”
The order of dealing with permanent employees is fixed by a “lay-off” score computed as follows: “The percentage grade of the last service rating is determined for all employees in the particular class and department.” To this is added a credit for seniority of 1% for each of the first five years and “for each year employed more than five (5) years.” Next comes this language: “A tie in said scoring shall be broken in favor of the employee with the longest service record.” “Should a tie still exist [presumably because of service records of the same length] it shall be broken in favor of the employee with the highest service rating average for the period employed” and the employee having the lowest “lay-off” score shall be discharged.
There does not appear in the rule a word referring to veterans but it appears in the transcript that it was the “practice” to give a veteran the preference if, after following the complicated procedure outlined, a tie should still exist between a veteran’s and a nonveteran’s score. So, according to the record, the veteran would eventually receive an advantage if in the final computation his score should be identical with that of a fellow employee who had not served in the armed forces.
The appellee contends that the preference granted a veteran by the procedure outlined in the rule is illusory and he exclaims: “When in heaven’s name would such a *152 precise tie occur?” His consternation is easily understood but he has not shown clearly the right to the writ that was issued in this case. Even if it be assumed that he was entitled to more credit than he got for his service, it cannot be determined from the record why he had a right to retain his position when on the list showing total grades his score was 80, 75 for efficiency and S for seniority, while the score of the man whose name appeared immediately above his was 83, 80 for efficiency and 3 for seniority.
To say what method should have been used, in recognizing the appellee’s service in the armed forces, so that the margin of 3 should be overcome with the result that he would be preferred to the man whose name appeared ahead of his on the list, would require pure speculation.
From the very nature of mandamus indulgence in conjecture cannot avail one who must show a clear legal right to such a writ in order to be awarded one.
It is my view that the writ was improperly issued so I dissent.
TERRELL, C. J., and DREW, J., concur.